United States District Court
Southern District of Texas
**ENTERED**
November 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | § | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Case No. 5:17-cr-00507 |
| | § | |
| **JOSE AMANDO GARCIA-GONZALEZ,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is the Report and Recommendation filed by Magistrate Judge J. Scott Hacker concerning Defendants Jose Amando Garcia-Gonzalez's and Jesell Lynn Hinojosa's respective Motions to Suppress. (Dkt. 50) Any party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations. Fed. R. Civ. P. 72(b)(2). The Court must then conduct "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made". 28 U.S.C. § 636(b)(1)(C). Here, Defendants objected to Magistrate Judge Hacker's Report and Recommendation to deny Defendants' Motion to Suppress. (Dkt. 51; Dkt. 52). For the reasons stated below, the Court will accept Magistrate Judge Hacker's Report and Recommendation that these motions be denied.

Magistrate Judge Hacker held a suppression hearing on these motions on August 14, 2017, at which Border Patrol Agent (BPA) Jose Gonzalez testified. Magistrate Judge Hacker has made thorough findings of fact, and the Court will only briefly repeat them here.

1

(Dkt. 50).  On June 11, 2017, BPA Gonzalez observed a beige Chevy Impala sedan traveling north on U.S. Highway 83 near Zapata, Texas. BPA Gonzalez noticed that the vehicle was traveling about 15 miles per hous [?] below the speed limit and appeared to be heavily loaded in the back area of the vehicle.  Based on this observation, he decided to follow the vehicle in order to have a closer look.  While following the vehicle, BPA Gonzalez saw that it was dirty and had handprints on the trunk and rear bumper of the car.  Additionally, BPA Gonzalez saw that the driver, Defendant Jose Amando Garcia-Gonzalez, was watching the agent in his rear-view mirror and that the other passengers in the car were sitting without talking or moving.  The driver then slowed down the vehicle even further.  At that point, BPA Gonzalez conducted a vehicle stop to perform an immigration inspection.  While interviewing the occupants of the car, two of the four occupants admitted to BPA Gonzalez to being in the United States illegally.  BPA Gonzalez found an additional two illegal aliens in the trunk.

Defendants moved to suppress evidence discovered as a result of the vehicle stop on the grounds that the stop was illegal under the Fourth Amendment to the U.S. Constitution.  (Dkt. 36; Dkt. 38).  After the suppression hearing, Magistrate Judge Hacker found that BPA Gonzalez had sufficient reasonable suspicion to justify an investigatory stop.  (Dkt. 50).  Defendants objected to Magistrate Judge Hacker's Report and Recommendation, claiming that the factors he considered were just as likely to be exhibited by law-abiding individuals.  (Dkt. 51; Dkt. 52).  In reviewing the record, the Court agrees with the Magistrate Judge that BPA Gonzalez' testimony was

credible, and further agrees with the Magistrate Judge's application of the totality-of-the-circumstances standard.

Border Patrol agents may detain vehicles for investigation only if specific articulable facts lead to rational inferences "that reasonably warrant suspicion that the vehicle is involved in illegal activities." United States v. Cervantes, 797 F.3d 326, 328-29 (5th Cir. 2015) (internal quotations omitted). A reasonable suspicion requires "considerably less than proof of wrongdoing by a preponderance of the evidence." United States v. Gonzalez, 190 F.3d 668, 671 (5th Cir. 1999). Courts consider the following factors when determining reasonable suspicion:

> (1) The area's proximity to the border; (2) characteristics of the area; (3) usual traffic patterns; (4) the agents' experience in detecting illegal activity; (5) behavior of the driver; (6) particular aspects or characteristics of the vehicle; (7) information about recent illegal trafficking of aliens or narcotics in the area; and (8) the number of passengers and their appearance and behavior.

United States v. Soto, 649 F.3d 406, 409 (5th Cir. 2011). "No single factor is determinative." Id. (internal quotations omitted). Instead, the totality of the circumstances determines whether the officer had reasonable suspicion, meaning "[f]actors that ordinarily constitute innocent behavior may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers." United States v. Olivares-Pacheco, 633 F.3d 399, 402 (5th Cir. 2011). Stated another way, factors which alone are "quite consistent with innocent travel" may together amount to reasonable suspicion. United States v. Sokolow, 109 S.Ct. 1581, 1586 (1989).

In this case, the facts, as laid out by Magistrate Judge Hacker, support a reasonable suspicion. BPA Gonzalez, an experienced Border Patrol agent, was aware that U.S. Highway 83 is a well-known alien and narcotics smuggling route, in particular because of its close proximity to the U.S.-Mexican border. When BPA Gonzalez stopped the Defendants, they were located on a stretch of Highway 83 that is only 3 miles from the Rio Grande River, the international border between the U.S. and Mexico. The vehicle appeared to be a commuter vehicle, not from the area, which, in BPA Gonzalez' experience, tended to travel at or slightly above the speed limit. The vehicle here was traveling well below the speed limit and further reduced its speed when the BPA began to follow the vehicle. (The driver reduced his speed from about 30 MPH to about 25 MPH on a portion of road where the speed limit is 45 MPH.) The Defendants and other passengers were sitting very still and were non-communicative. According to BPA Gonzalez's experience, smugglers tell aliens to sit quietly and do nothing.

In addition to BPA Gonzalez's assessment of the conduct of the driver and passengers, the appearance of the car also suggested possible wrongdoing. The trunk of the vehicle was riding low, which, in this particular vehicle that is not designed to carry heavy loads, suggested to BPA Gonzalez the possibility of aliens or narcotics. Additionally, BPA Gonzalez saw that the vehicle was dirty and had handprints on the trunk, which is consistent with a car that would have been traveling through the brush. Taking these factors together,

**BPA Gonzalez had reasonable suspicion to stop the vehicle. Therefore, his stop was justified.**

**Accordingly, the Court ACCEPTS the findings of fact and conclusions of law in Magistrate Judge Hacker's Report and Recommendation. (Dkt. 50) Defendants' Motions to Suppress (Dkt. 36; Dkt. 38) are DENIED.**

**DONE at Laredo, Texas, this 6th day of November, 2017.**

*/s/ George P. Kazen*

**George P. Kazen**
**Senior United States District Judge**